UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER VAN HECK,

       Plaintiff,

v.

ST. CLAIR COUNTY, JOHN TOMLINSON, ST.
CLAIR COUNTY JUDICIARY, and MERRY V.
PACK,

       Defendants.

_____/

Case No. 13-11377

Honorable John Corbett O'Meara

### OPINION AND ORDER GRANTING
### DEFENDANTS' DECEMBER 13, 2013 MOTION TO DISMISS OR
### FOR SUMMARY JUDGMENT

This matter came before the court on the December 13, 2013 Motion to Dismiss or for Summary Judgment filed by defendants St. Clair County, St. Clair County Judiciary and John Tomlinson . Plaintiff Roger Van Heck filed a response January 3, 2014; and Defendants filed a reply brief January 23, 2014. Plaintiff filed a supplemental brief January 27, 2014. Pursuant to the court's December 19, 2013 order, the motion will be determined without oral argument.

Plaintiff Roger Van Heck filed a complaint in this court alleging violations of 42 U.S.C. § 1983 against St. Clair County; its judiciary; Judge John D. Tomlinson, one of its circuit court judges; and Merry V. Pack, Plaintiff's ex-wife. Plaintiff alleges that Defendants violated his civil rights during his child support case, over which Judge Tomlinson most recently presided.

### LAW AND ANALYSIS

There is no legal entity known as "St. Clair County judiciary." Assuming Plaintiff's claims are against St. Clair County Circuit Court, he fails to allege any actions or inactions against the

court; rather, Plaintiff's claims are premised on Judge Tomlinson's decision to enforce an agreement Plaintiff had entered into with his ex-wife.  Therefore, defendant St. Clair County judiciary is entitled to dismissal.

Plaintiff's claims against St. Clair County consist of Judge Tomlinson's judicial decisions.  The circuit court is an independent, constitutionally-created office separate from St. Clair County.  The County has no control over the circuit court; therefore, the County, too, is entitled to dismissal.

Plaintiff claims defendant Judge Tomlinson violated his civil rights by enforcing an order to which Plaintiff had previously consented.  However, Judge Tomlinson is to be afforded absolute judicial immunity for decisions or actions taken in his judicial capacity.  See Bradley v. Fischer, 80 U.S. 335, 347 (1872).  A judge will not be deprived of immunity because the action he/she took was in error, was done maliciously or was in excess of his/her authority.  Stump v. Sparkman, 435 U.S. 349, 356 (1978).  The only exception to judicial immunity applies to acts taken in the "clear absence of all jurisdiction." Id.  In this case, the Michigan Legislature has granted circuit courts jurisdiction over matters involving paternity and child support.  Therefore, Judge Tomlinson is entitled to absolute immunity.

### **ORDER**

It is hereby **ORDERED** that Defendants' December 13, 2013 motion to dismiss or for summary judgment is **GRANTED.**


s/John Corbett O'Meara
United States District Judge


Date:  February 6, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 6, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager